Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIAM UFTRING, | ) | CASE NO. |
| | ) | |
| | ) | |
| | ) | COMPLAINT FOR DAMAGES AND OTHER |
| Plaintiff, | ) | RELIEF BASED UPON: |
| | ) | |
| vs. | ) | 1. DISABILITY DISCRIMINATION |
| | ) | INCLUDING FAILURE TO |
| | ) | ACCOMMODATE IN VIOLATION OF |
| IES RESIDENTIAL, INC., a Delaware | ) | THE AMERICANS WITH DISABILITIES |
| Corporation, | ) | ACT |
| | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

Plaintiff WILLIAM UFTRING ("Plaintiff" or "Uftring") alleges as follows:

1.      This action is brought pursuant to the Americans with Disabilities Act of 1990, *42 U.S.C. § 12101, et seq.* (hereinafter "ADA").

2.      Jurisdiction is predicated under this code sections as well as *28 U.S.C. § 1331,* as this action involves a federal question.

3.      At all relevant times, IES RESIDENTIAL, INC., a Delaware Corporation

(hereinafter "Defendant" or "IES"), employed 15 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and is therefore subject to the provisions of the ADA.

4.      The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

**PARTIES**

5.      Plaintiff, Uftring, is a citizen of the United States and at all relevant times herein was a resident of the State of Nevada, County of Clark and City of Las Vegas.

6.      Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant IES.

**EXHAUSTION OF REMEDIES**

7.      Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on March 28, 2016, a copy of which is attached to the Complaint as Exhibit "A".

**STATEMENT OF FACTS**

8.      On or about March 19, 2010, Plaintiff was hired by Defendant as a Lat Technician. For a year and a half Uftring was made a supervisor but thereafter went back to a Lat Technician because of budget issues.  His last job title with IES when he was terminated was Lat Technician.

9.      As a Lat Technician Uftring would run underground communication cable for vendor Cox Communications.

10.     On or about June 12, 2014 Uftring was injured on the job when he was pulling communication cable as part of his job.  As he was pulling the cable sideways, the line broke, and his momentum carried his forward and to the side he was pulling the cable.   His forward momentum caused his right ankle to "roll".

11.     Uftring sat down for a minute and the ankle felt ok so he finished his shift which had about two hours to go.

12.     When Plaintiff awoke the next morning, his right ankle was swollen.  He tried to walk on it but once he put weight on his right leg he felt instant pain.  Uftring hobbled on his left leg to get to his cell phone where he e-mailed his supervisor Matty Hehn, telling him he was not able to go to work that day and would seek medical attention.

13.     Hehn told Uftring that before he could return to work that he needed a release from his doctor saying it was alright for him to come back to work.

14.     Thereafter Plaintiff was put on Family Medical Leave ("FML") from June 12, 2014 through September 4, 2014.

15.     On July 16, 2014 Plaintiff had ankle fusion surgery on his right ankle and was released to back to light duty on November 4, 2014.  Uftring still needed crutches to get around and could only put partial weight on his right leg and ankle.

16.     On November 4, 2014 Plaintiff e-mailed his supervisor Matty Hehn and told him that his doctor released him back to light duty.

17.     Hehn e-mailed Uftring back that day and told him that there was no light duty available, that the department was dead and they were having trouble finding work for full duty people.

18.     Finally on December 19, 2014, Uftring received a letter from HR Manager/Attorney Rebecca Lawrence informing Plaintiff that his employment has been terminated with an effective date of December 12, 2014.

19.     The letter informed Uftring that he was on FML from June 12, 2014 through September 4, 2014 and at the end of his FML leave was given another fourteen weeks of unpaid leave (26 weeks total) but when he still could not return to full duty by December 12, 2014, Plaintiff was terminated based on a policy in the IES Employee Handbook which only allows for a maximum of 26 weeks unpaid leave during any rolling 52 week period.

20.     Lawrence's letter also states that it was her understanding that Division Manager Ben Morris offered Uftring a light duty position as a "Dispatcher" which were within Plaintiff's restrictions.  Plaintiff is adamant that this never happened and Uftring would have taken that position if it had been offered to him.

21.     Plaintiff is also aware of light duty positions being offered to many other of his co-workers during the time he was employed by IES.  These include Matty Hehn, Gabriel Conner, Dave MacArthur, Rick Gentry and Shawn Humpfrees.

22.     Finally Uftring would have been able to return to full duty as a Lat Technician at the end of January 2015 had he not been terminated by IES on December 12, 2014.

## FIRST CAUSE OF ACTION

### (For Disability Discrimination including Failure to

### Accommodate in Violation of the ADA)

23.     Plaintiff Uftring incorporates the allegations set forth in paragraphs 1 through 22, inclusive, as if fully set forth herein.

24.     As set forth hereinabove, Plaintiff suffered a traumatic ankle injury to his right ankle on or about June 12, 2014 when he "rolled" his right ankle once a communications cable he was pulling as part of his job broke.  This injury substantially limited Uftring in the major life activities of walking, standing, lifting, climbing, pulling, kneeling, bending and working, among other major life activities, and thus qualified Uftring as disabled under the ADA.

25.     IES failed to accommodate Plaintiff's disabilities by refusing to offer him light duty or another alternative job when he was released to light duty by his doctor on November 4, 2014 and abruptly terminating his employment on December 12, 2014 prior to the time he was released to full duty.

26.     This violated the ADA, because among other things, IES refused to extend Plaintiff's unpaid leave of absence past what their company policy called for even though the ADA requires an employer to extend an employee's leave of absence until they can resume their

duties at the job they held or an alternative job, as long as the employer is not required to extend the unpaid leave of absence indefinitely.

27.     As set forth above, Uftring would have been able to return to full duty as a Lat Technician at the end of January 2015 had he not been terminated by IES on December 12, 2014.

28.     Plaintiff continues to have a physical impairment to his right ankle for which he continues to seek medical treatment.

29.     As a direct, foreseeable, and legal result of the Defendant's disability discrimination including failure to accommodate Plaintiff's disability, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

30.     As a further direct, foreseeable, and legal result of the Defendant's disability discrimination including failure to accommodate Plaintiff's disability, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

31.     In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

32.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

33.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Uftring demands judgment against Defendant as follows:

1.      Declaring that the acts and practices complained of here are a violation of the ADA;

2.      Enjoining and permanently restraining the violations by Defendant of the ADA;

3.      For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4.      For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5.      For punitive damages;

6.      For attorney's fees and costs in an amount determined by the court to be reasonable;

7.      For pre-judgment interest on all damages; and

8.      For any other and further relief that the Court considers proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.


DATED:  6/22/2016               LAW OFFICES OF MICHAEL P. BALABAN


BY: /s/ Michael P. Balaban
       Michael P. Balaban
       LAW OFFICES OF MICHAEL P. BALABAN
       10726 Del Rudini Street
       Las Vegas, NV  89141

# EXHIBIT

# A

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: William Uftring<br>3708 Lorrine Ln<br>Las Vegas, NV 89120 | From: Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2015-38177 | Cynthia Wilson,<br>Investigator | (792) 388-5099 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; In other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form )

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Richard T. Burgamy,
Local Office Director

MAR 2 8 2016

(Date Mailed)

Enclosures(s)

cc:   IES RESIDENTIAL
Rebecca Lawrence, HR Manager and Attorney
10203 Mula Circle
Stafford, TX 77477